Filed 10/10/25  P. v. Rangel CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B336335 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA082205-02) |
| v. | |
| ISSAC GILBERT RANGEL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Reversed with directions.

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Issac Gilbert Rangel is serving a prison term that includes two prior prison term enhancements under Penal Code section 667.5, former subdivision (b),[1] that are no longer valid. The superior court, however, denied Rangel relief under section 1172.75, which provides a procedure for resentencing inmates serving terms that include those invalid enhancements. The superior court ruled Rangel was not entitled to resentencing under section 1172.75 because, when the trial court sentenced Rangel, the court stayed execution of the enhancements.

The Supreme Court has since clarified that defendants, like Rangel, who are serving prison terms that include now-invalid prior prison term enhancements are entitled to relief under section 1172.75, even if the prior prison term enhancements were stayed. Therefore, as the People concede, we must reverse the superior court's order denying Rangel resentencing under section 1172.75.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Convicts Rangel in 2008 of Committing Three Crimes, and the Trial Court Sentences Him*

In 2008 a jury convicted Rangel of robbery (§ 211), and found true the accompanying allegations he was armed with and personally used a firearm (§§ 12022, subd. (a)(1), 12022.53, subd. (b)); convicted him of fleeing or attempting to elude a pursuing peace officer while driving a vehicle in willful or wanton

---

[1]     Undesignated statutory references are to the Penal Code.

2

disregard for the safety of persons or property (Veh. Code, § 2800.2, subd. (a)), and found true the accompanying allegations he was armed with and personally used a firearm (§§ 12022, subd. (a)(1), 12022.53, subd. (b)); and convicted him of possessing a firearm as a felon (former § 12021, subd. (a)(1), now § 29800, subd. (a)).  The trial court found that Rangel had a prior conviction for a felony that was a serious or violent felony, within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and a serious felony, within the meaning of section 667, subdivision (a)(1), and that he served two prior prison terms, within the meaning of section 667.5, former subdivision (b).

The trial court ultimately sentenced Rangel on his robbery conviction to a prison term of 25 years, consisting of the upper term of five years, doubled under the three strikes law, plus 10 years for the firearm enhancement and five years for the serious felony enhancement.[2]  The court sentenced Rangel to nine years on his conviction for fleeing or attempting to elude a pursuing peace officer (the upper term of three years, doubled, plus one year for the firearm enhancement and two years for the prior prison term enhancements) and eight years on his conviction for possessing a firearm as a felon (the upper term of three years, doubled, plus two years for the prior prison term enhancements), both of which the court stayed execution of under section 654.

---

[2]     The court struck the prior prison term enhancements on the robbery conviction.

3

B. *The Superior Court Rules in 2023 Rangel Is Not Entitled to Resentencing Under Section 1172.75*

In 2021 the Legislature declared legally invalid prior prison term enhancements imposed, like Rangel's, under section 667.5, former subdivision (b), before January 1, 2020, except those arising from convictions for sexually violent offenses. (Stats. 2021, ch. 728, § 3.) The Legislature enacted section 1172.75, which prescribes a procedure for resentencing inmates who are serving prison terms that include the now-invalid enhancements. (§ 1172.75, subd. (a).) In 2023 the Department of Corrections and Rehabilitation identified Rangel as potentially eligible for resentencing under section 1172.75.

The superior court acknowledged the Department had identified Rangel as potentially eligible for resentencing under section 1172.75. But the court ruled that, because the trial court stayed execution of the prior prison term enhancements, Rangel was "not currently serving a sentence that includes a [section] 667.5 enhancement." Therefore, the superior court concluded, Rangel was not entitled to relief under section 1172.75. Rangel timely appealed.

## DISCUSSION

Rangel argues, the People concede, and we agree the superior court was incorrect. In *People v. Rhodius* (2025) 17 Cal.5th 1050, decided after the superior court ruled Rangel was not eligible for resentencing under section 1172.75, the Supreme Court held "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior prison-term enhancement that was imposed before January 1,

4

2020, regardless of whether the enhancement was then executed or instead stayed." (*Id.* at p. 1054.) Thus, Rangel is entitled to resentencing under section 1172.75, even though the trial court stayed execution of the one-year enhancements under section 667.5, former subdivision (b). (See *Rhodius*, at p. 1066 [there is "no persuasive reason to think that the Legislature intended implicitly to distinguish between defendants whose enhancements were imposed and executed and those for whom an enhancement was imposed, but punishment was stayed"].)

## DISPOSITION

The order denying resentencing under section 1172.75 is reversed. The superior court is directed to resentence Rangel under section 1172.75.


SEGAL, J.


We concur:


MARTINEZ, P. J.


STONE, J.


5